FILED

ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
124 W STOCKER ST STE B
GLENDALE, CA 91202
TEL. 818-532-9339
EMAIL: DISPUTES@OMNIALEGAL.ORG

12 MAY 24 AM 10: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorney For Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CV12- 04396 RGK (Ex)

GEVORK CHILALYAN, an individual,

**Plaintiff**,

vs.

CACH LLC, a/k/a COLLECT AMERICA,

A Colorado Limited Liability Company

**Defendant**.

CASE No.:

**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**

1) FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;
2) CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;
3) FEDERAL FAIR CREDIT REPORTING ACT;
4) CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT.

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff Gevork Chilalyan (hereinafter "Plaintiff") by and through his attorney on record Arshak Bartoumian and brings his Complaint against Defendant CACH LLC a/k/a COLLECT AMERICA (hereinafter "Defendant") for violations of Federal and State consumer protection laws, including the Fair Debt Collection Practices Act [15 U.S.C. §1692-1692p] ("FDCPA"), California's Rosenthal Fair Debt Collection Practices Act [California Civil Code §1788 et seq.] ("RFDCPA"), Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA"), and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA") and alleges as follows:

## PRELIMINARY STATEMENT

1. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses [15 U.S.C. §1692(a)-(e)].

2. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); Swanson v. Southern Oregon Credit Service, Inc. 869 F.2d 1222, 1227(9th Cir.1988)]. This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." [Clomon v. Jackson, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

3. To prohibit deceptive practices the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16).

4. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection

with the collection of a debt and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among these per se violations prohibited by that section are: any collection activities and the placement of telephone calls without meaningful disclosure of the caller's identity [15 U.S.C. §1692d(6)]

5. The FDCPA also prohibits, at 15 U.S.C. §1692c, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, communication by a debt collector in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

7. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by California Civil Code §1788.2(f).

8. Congress enacted the FCRA to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." FCRA provides several protections for consumers, including but not limited to the right to be notified of any negative/unfavorable information

reported in their name and the right to dispute inaccurate, outdated and/or incomplete information on their credit file.

9.    FCRA regulates credit reporting agencies as well as creditors, collection agencies and other parties who provide information to credit reporting agencies and/or obtain and use the consumer credit reports. FCRA Section 623, 15 U.S.C. §1681s-2, imposes obligations on furnishers of information to the credit reporting agencies. Furnishers must report accurate information, correct and update erroneous information, and provide certain notices to consumer pertaining to furnished information.

10.    FCRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc., supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

11.    CCRAA was implemented to protect the credit information of California consumers. CCRAA also regulates consumer credit reporting agencies and furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA in California Civil Code §1785.25-1785.26 refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute.

12.    CCRAA provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate. Consumers also have the right to bring civil action against violators of any provision of the CCRAA with respect to their

rights and their credit, and to seek monetary damages. California Civil Code
§1785.19 and §1785.31.

13. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26,
2009) established that consumers may replead their FCRA claims as violations of the
CCRAA and that the state claims are not preempted by FCRA. In further support,
courts have uniformly rejected creditors' and consumer reporting agencies'
arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches,
Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion);
Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford
Receivables, 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union,
118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F.
Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000
U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v.
Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v.
Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

## I.      JURISDICTION AND VENUE

14. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil
Code §1785.33, and 28 U.S.C. §I337.

15. Supplemental jurisdiction rests upon 28 U.S.C. § 1367.

16. Venue is proper in this United States District Court, Central District of
California because Defendant's violations alleged below occurred in the County of
Los Angeles, State of California and within this District.

## II.     PRIVATE RIGHT OF ACTION

1. 15 U.S.C §1692k(a) states that "... any debt collector who fails to comply
with any provision of this title with respect to any person is liable to such person in an
amount equal to the sum of-."

2. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this

title with respect to any debtor shall be liable to that debtor only in an individual action…"

3. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

4. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

5. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made her initial disputes with the Credit Reporting Agencies.

6. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

### III.    THE PARTIES

7. Plaintiff CHILALYAN is a natural person, an individual residing in Los Angeles County, State of California.

8. Plaintiff is a consumer as defined in 15 U.S.C. §1692a (3), 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

9. Defendant is a Colorado Limited Liability Company, **NOT** registered and conducting business in the State of California.

10. Defendant is a debt collector as defined in 15 U.S.C. §1692a (6) and California Civil Code §1788.2(c).

11. Plaintiff and Defendant are each a person as defined in California Civil Code §1788.2(g), 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

12. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers,

directors or managing agents of Defendant or as its agents, servants, employees and/or joint venturers and as set forth in this Complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a. Said Officers, directors or managing agents of Defendant personally acted willfully with respect to the matters alleged in this Complaint;

b. Said Officers, directors or managing agents of Defendant personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendant did so act;

c. Said Officers, directors or managing agents of Defendant personally participated in the acts alleged herein of Defendant;

d. Said Officers, directors or managing agents of Defendant personally had close supervision of their agents, servants, employees and/or joint venturers of Defendant;

e. Said Officers, directors or managing agents of Defendant personally were familiar with the facts regarding the matters alleged herein;

f. Said Officers, directors or managing agents of Defendant personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendant failed and refused to punish or discharged the said agents, servants, employees and/or joint venturers of Defendant, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendant.

13. Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified.

## IV.    FACTS COMMON TO ALL COUNTS

14. Plaintiff who is not a minor alleges that the following events and actions taken by Defendant occurred within the past one year.

15. In or around December 1, 2011 Plaintiff discovered through a credit review

conducted with the three major Credit Reporting Agencies, Experian, Equifax and TransUnion (collectively "CRAs") that Defendant had reported a collections account in his name, alleging Plaintiff was in debt with them.

16.   Defendant had failed to provide Plaintiff a dunning notice of debt or inform of the negative credit reporting, thereby depriving Plaintiff of his right to a dispute and validation request for the alleged debt and his right to a fair and accurate credit reporting.

17.   On or about December 1, 2011 Plaintiff sent a letter of dispute to CRAs, requesting investigation and verification of the collection account reported by Defendant, otherwise its prompt and permanent deletion from Plaintiff's credit bureau reports.

18.   On or about December 15, 2011 after initiating his initial disputes with CRAs Plaintiff sent a letter of dispute and a validation request to Defendant directly, requesting documentation validating the alleged debt, otherwise its prompt and permanent deletion from Plaintiff's credit bureau reports.

19.   Defendant failed to answer to Plaintiff's debt validation request, failed to cease collection activity and credit reporting upon receipt of Plaintiff's dispute, and failed to inform the CRAs that the accounts were in dispute. Yet, within days of the credit bureau dispute, the CRAs claimed that Defendant verified the accounts as accurate to them.

20.   On or about January 20, 2012 Plaintiff sent a follow up request to Defendant addressing their lack of validation or alternatively, the closing and deletion of the disputed collection accounts and the alleged debts.

21.   Following Plaintiff's follow up notice and request, Defendant again failed to provide proper response or take appropriate corrective action.

22.   On or about February 24, 2012 Plaintiff sent Defendant a notice of their violations with regards to the reporting of the unverified alleged debts and failure to validate the accuracy of such debts. Plaintiff's communication was sent in an effort to get Defendant's cooperation and resolve the situation amicably.

23.   Despite Plaintiff's efforts to date, Defendant has failed to properly address

NavigationCase

his dispute and requests, has failed to validate the alleged debts or cease further collection of the unverified debts. Defendant continues to maintain the unverified accounts on Plaintiff's credit record.

24.   Due to the inaccurate credit reporting and Defendant's prolonged noncompliance in resolving the situation Plaintiff has suffered emotional and financial distress. Specifically, as a result of Defendant's conduct, Plaintiff has suffered:

a.   Actual damages and serious financial and pecuniary harm arising from monetary losses relating to denials of attempts to obtain credit cards and consumer loans, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges.

b.   Out of pocket expenses associated with disputing the credit information only to find the information to remain on the credit report;

c.   Emotional distress and mental anguish associated with having incorrect derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d.   Decreased credit score and creditworthiness, which may result in inability to obtain credit on future attempts.

## COUNT I
### Violations of FDCPA

25.   Plaintiff repeats and reincorporates by reference the above paragraphs.

26.   Defendant knowingly and willfully violated the FDCPA by:

a)   Failing to provide dunning notice of debts and a written notice of Plaintiff's right to request validation of debts along with information about the alleged debts, including the name and contact information of the original creditors pursuant to 15 U.S.C. §1692g(a);

b)   Failing to cease collection activity and continuing to make collection efforts on the alleged debts without properly responding to Plaintiff's validation request pursuant to 15 U.S.C. §1692g(b);

c)   Failing to properly validate the alleged debts pursuant to 15 U.S.C. §1692g(b);

d) Using false representations and deceptive means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692e;

e) Using unfair or unconscionable means to collect or attempt to collect the alleged debt pursuant to 15 U.S.C. §1692f.

## COUNT II

### Violations of RFDCPA

27.  Plaintiff repeats and reincorporates by reference the above paragraphs.

28.  Defendant knowingly and willfully violated RFDCPA by:

a) Using false representations and deceptive means to collect or attempt to collect debts pursuant to Civil Code §1788.17;

b) Using unfair and/or unconscionable means to collect alleged debts pursuant to California Civil Code §1788.17.

## COUNT III

### Violations of FCRA

29.  Plaintiff repeats and reincorporates by reference the above paragraphs.

30.  Defendant knowingly and willfully violated the FCRA by:

a) Furnishing inaccurate/unverified information to the CRAs pursuant to 15 U.S.C. §1681s-2 (a);

b) Failing to inform Plaintiff about the reporting of negative information to his credit report, prior to or within five(5) days of furnishing collection accounts to the CRAs pursuant to 15 U.S.C. §1681s-2 (a)(7)(A);

c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute pursuant to 15 U.S.C. §1681s-2 (a)(8)(E);

d) Verifying the disputed accounts with the CRAs prior to conducting thorough investigation and without having substantiating support for such verification;

e) Reporting disputed information to the CRAs, without notice of Plaintiff's

dispute, during the investigation period and prior to providing verification of accuracy pursuant to 15 U.S.C. §1681s-2 (a)(3);

f) Continuing to report unverified information to the CRAs after lack of response and verification.

## COUNT IV
### Violations of CCRAA

31. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

32. Defendant knowingly and willfully violated CCRAA by:

a) Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff pursuant to California Civil Code §1785.26(b);

b) Continuing to report the collection account to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the accounts have been disputed by Plaintiff pursuant to California Civil Code §1785.25(c);

c) Failing to acknowledge Plaintiff's demand for investigation and correction of information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results pursuant to California Civil Code §1785.30.

### PRAYER FOR RELIEF

33. Plaintiff repeats and reincorporates by reference the paragraphs above paragraphs.

34. Plaintiff contends that the Defendant's actions constituted willful violations of the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests judgment to be entered in his favor and against

the Defendant for:

1. Actual damages, per 15 U.S.C. §1692k(a)(1) and/or Civil Code §1788.30(a), 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.31(a)(2)(A);

2. Statutory damages, per 15 U.S.C. §1692k(a)(2) and/or Civil Code §1788.30(b), and 15 U.S.C. §1681n (a)(1)(A) and Cal. Civ. Code §1785.19(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3), and/or Civil Code §1788.30(c), 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020;

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow;

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendant to cease collection activity and delete the reporting of the unverified accounts and debts;

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202;

7. Any other relief as this Honorable Court deems appropriate.


DATED:  04/02/2012                          Respectfully submitted,

                                            By: _____

                                            Arshak Bartoumian, Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

**<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>**

STATE OF CALIFORNIA

Plaintiff, Gevork Chilalyan, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it.